**VIA ECF**

The Honorable Georgette Castner
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

Re:   *Protect Our Coast NJ, et al. v. United States of America, et al.*
       Civil Action No. 3:25-cv-06890-GC-TJB

Dear Judge Castner:

Defendants Empire Offshore Wind LLC, Empire Leaseholder LLC, and Empire Wind 2 LLC (collectively, "Empire Wind") hereby respectfully request a pre-motion conference regarding Empire Wind's intent to file a motion to dismiss all claims that the Plaintiffs assert against those three entities.[1]

Empire Wind is the developer of the Empire Wind Project ("Project"), a commercial scale offshore wind project that is currently under construction offshore New York. Plaintiffs' Amended Complaint alleges that the issuance of the Project's offshore lease in 2017 violated the Outer Continental Shelf Lands Act ("OCSLA") and that Defendant Bureau of Ocean Energy Management ("BOEM"), a bureau within the U.S. Department of the Interior, violated the Administrative Procedure Act ("APA") when it lifted a temporary pause on the offshore construction of the Project. *See* Dkt. No. 33. Empire Wind provides the following anticipated bases for its motion to dismiss.

### I. Threshold Issues Bar Plaintiffs' OCSLA Claim.

First, Plaintiffs failed to provide the 60-day notice required by OCSLA. OCSLA provides that "no action may be commenced under [the statute]…prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to…the Secretary and any other appropriate Federal official." 43 U.S.C. § 1349(a)(2)(A). Courts have strictly enforced OCSLA's notice requirement. *See, e.g.*, *Green Oceans v. United States Dep't of the Interior*, No. 24-CV-141-RCL, 2025 WL 973540, at *13 (D.D.C. Apr. 1, 2025); *Allco Renewable Energy Ltd. v. Haaland*, No. 21-CV-11171-IT, 2022 WL 2373914, at *1 (D. Mass. June 30, 2022); *Fisheries Survival Fund v. Jewell*, No. 16-CV-2409 (TSC), 2018 WL 4705795, at *11 (D.D.C. Sept. 30, 2018) (strictly interpreting the 60-day notice provision against plaintiff Seafreeze Shoreside, Inc.), *aff'd sub nom.*, *Fisheries Survival Fund v. Haaland*, 858 F. App'x 371 (D.C. Cir. 2021).

---

[1] No Empire Wind entity is a proper defendant to this action, as the Plaintiffs challenge actions by federal agencies. *See e.g.*, *Munoz-Medoza v. Pierce*, 711 F.2d 421, 430 (1st Cir. 1983); *see also Baldwin v. Housing Authority of City of Camden*, 278 F. Supp. 2d 365, 374 (D.N.J. 2003). However, because Empire Offshore Wind LLC, Empire Leaseholder LLC, and Empire Wind 2 LLC would otherwise seek to intervene as of right if they were not named as defendants, Empire Wind has not moved to dismiss these entities from the action.

Second, Plaintiffs' OCSLA claim is barred by the six-year statute of limitations, 28 U.S.C. § 2401(a), which requires that "'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'" *Seafreeze Shoreside, Inc. v. United States Dep't of the Interior*, No. 22-CV-11091-IT, 2023 WL 6691015, at *19 (D. Mass. Oct. 12, 2023), *aff'd*, 123 F.4th 1 (1st Cir. 2024) (quoting 28 U.S.C. § 2401(a)). The Project's lease was issued more than eight years before Plaintiffs filed their Complaint in the instant proceeding—a fact that Plaintiffs should know is fatal to their case because a number of the current plaintiffs, including Plaintiffs Long Island Commercial Fisheries Association, Inc. and Seafreeze Shoreside, Inc. challenged the Project's lease in 2016. *See Fisheries Survival Fund*, 2018 WL 4705795, at *3 (noting that Project lease was executed March 15, 2017).

## II.    Plaintiffs Fail to State a Claim Under OCSLA or the APA.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs fail to state a claim for relief that is plausible on its face with respect to Counts I and II.

With respect to Count I (the OCSLA claim), Plaintiffs allege that the offshore wind lease is held by Empire Leaseholder LLC, that Empire Offshore Wind LLC and Empire Wind 2 LLC are designated operators, and that these entities are ultimately owned by Equinor ASA, which is in turn majority-owned by the Kingdom of Norway. Dkt. No. 33 at ¶¶ 46-68. Plaintiffs claim that the lease issuance violated OCSLA because the government issued the Project's lease to a "foreign government or instrumentality," and appear to suggest that the non-federal defendants violated OCSLA simply by being parties to the lease. *Id*. ¶¶ 41, 66-68. This claim is implausible on its face. The applicable regulations provide that leases may be held by "[p]rivate, public, or municipal corporations organized under the laws of any State of the United States…." 30 C.F.R. § 585.107(a)(3); *see* 30 C.F.R. § 585.108(d)(7). OCSLA defines a "person" subject to the statute as "private, public, or municipal" corporations. 43 U.S.C. § 1331(d). The Court can take judicial notice of Empire Leaseholder LLC's status as a properly registered limited liability company ("LLC") under Delaware law and Plaintiffs fail to allege that any OCSLA or BOEM statutory provision or implementing regulation prohibits a United States limited liability company from holding an offshore lease due to its ultimate ownership by a "foreign government or instrumentality."

With respect to Count II (the APA claim), Plaintiffs allege that BOEM acted arbitrarily and capriciously in violation of the APA when it modified the April 16, 2025, order requiring that the Empire Wind Project pause offshore construction ("Stop Work Order") to once again allow the Project to proceed.[2] Dkt. No. 33 at ¶¶ 69-89. Count II fails to state a claim. First, the APA defines when a plaintiff can challenge federal agency action and how a court should review such a challenge but does not provide underlying substantive law. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 698 F. Supp. 3d 39, 58 (D.D.C. 2023) (holding that the APA supplies

---

[2] The APA, 5 U.S.C. § 706(2), allows a court to, in relevant part, "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law…."

a generic cause of action to bring claims under "substantive laws found elsewhere," and does not create any substantive right that might be violated) (citations and quotations omitted). Plaintiffs allege only that BOEM violated the APA's judicial review provisions by failing to adequately explain its decision to modify the Stop Work Order requiring that the Empire Wind Project pause offshore construction. This claim is insufficient. Plaintiffs have not identified any substantive statute that the agency's action allegedly "transgressed." *See Preferred Risk Mut. Ins. Co. v. United States*, 86 F.3d 789, 792 (8th Cir. 1996) (holding that plaintiffs "must identify a substantive statute or regulation that the agency action had transgressed *and* establish that the statute or regulation applies to the United States" in order to bring an APA claim) (emphasis in original).

Second, the APA, 5 U.S.C. § 706(2), precludes judicial review of agency actions "committed to agency discretion by law." Courts have held that actions are not reviewable under the APA (1) "where statutes are drawn in such broad terms that in a given case there is no law to apply;" and (2) "when the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Sierra Club v. U.S. Fish & Wildlife Serv.*, 930 F. Supp. 2d 198, 204 (D.D.C. 2013) (internal quotations and citations omitted). Here, Plaintiffs impute their own speculative motives for the agency's actions and then argue that the motives for the rescission of the Stop Work Order are illegal—setting up a strawman without basis in fact.[3] Moreover, Plaintiffs fail to assert any particular legal standard by which the Court should judge the alleged illegality and point to no law or regulation that constrains or defines the nature of the agency's discretion. Where "no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action…." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

Nor could the Court grant Plaintiffs' requested relief—reinstatement of the Stop Work Order.[4] While the APA provides courts with the authority to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), such authority is limited to circumstances in which a plaintiff "asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Plaintiffs request that this Court order BOEM to reissue its order halting the Project's construction, but Plaintiffs have not asserted that any statute or regulation requires the agency to do so.

---

[3] Were this case to proceed to the merits, review of the challenged agency actions would be based on the agency's "administrative record," 5 U.S.C. § 706 ("court shall review the whole record or those parts of it cited by a party"), not a new record created by Plaintiffs.

[4] Empire Wind does not concede that the issuance of the Stop Work Order was lawful in the first instance because no provision of OCSLA or the applicable regulations allows such an order.

Date: September 8, 2025

Respectfully submitted,

 */s/ David J. Ball*
David J. Ball (NJ Bar No. 036732004)
**Bracewell LLP**
31 West 52nd Street, 19th Floor
New York, New York 10019
Telephone: (212) 508-6133
Facsimile: (800) 404-3970
Email: david.ball@bracewell.com

Tyler S. Johnson *(admitted pro hac vice)*
**Bracewell LLP**
701 Fifth Avenue
Suite 6850
Seattle, Washington 98104
Telephone: (206) 204-6211
Facsimile: (800) 404-3970
Email: ty.johnson@bracewell.com

Ann D. Navaro *(admitted pro hac vice)*
Taylor M. Stuart *(admitted pro hac vice)*
**Bracewell LLP**
2001 M Street NW, Suite 900
Washington, DC 20036
Telephone: (202) 828-5800
Facsimile: (800) 404-3970
Email: ann.navaro@bracewell.com
           taylor.stuart@bracewell.com

***Counsel for Defendants***
***Empire Offshore Wind LLC, Empire***
***Leaseholder LLC, and Empire Wind 2 LLC***

cc:     All Counsel of Record *(via ECF)*