**VIA ECF**

The Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

**Re:** *Protect Our Coast NJ, et al. v. United States of America, et al.*, Civil Action No. 3:25-cv-06890-GC-TJB

Dear Judge Castner:

  Defendants United States of America, Doug Burgum, Matthew Giacona[1], and Bureau of Ocean Energy Management (collectively, "Federal Defendants") hereby respectfully request a pre-motion conference regarding Federal Defendants' intent to file a motion to dismiss the claims in Plaintiffs' First Amended Complaint, Dkt. No. 33.

  Plaintiffs' First Amended Complaint relates to the Empire Wind offshore wind turbine project off the coast of New York and New Jersey. The Bureau of Ocean Energy Management (BOEM) and Equinor entered into a lease in March 2017. *See Fisheries Survival Fund v. Haaland*, 858 F. App'x 371, 374 (D.C. Cir. 2021). Federal Defendants later approved the construction and operation of 147 wind turbines within the lease area (the "Project"). *Id.* ¶ 128; *see also id.* Ex. G.

  In April 2025, Federal Defendants issued a Director's Order to Empire Wind "to halt all ongoing activities related to the Empire Wind Project on the outer continental shelf to allow time for [BOEM] to address feedback" it received on the project. *Id.*, Ex. B. In May 2025, BOEM issued an amendment to the April 2025 Order lifting the halt on activities during the ongoing review. *Id.*, Ex. C.

  Plaintiffs' First Amended Complaint raises two claims. The first claim is that the Project's offshore lease violates the Outer Continental Shelf Lands Act (OCSLA). 1st Am. Compl. ¶¶ 41–68. This claim is based on Plaintiffs' allegations that Defendant EQUINOR ASA is an instrumentality or agency of a foreign government and thus cannot hold a lease under OCSLA. Plaintiffs' second claim is that the May 2025 Amended Order violates the Administrative Procedure Act (APA). *Id.* ¶¶ 69–226.

  Federal Defendants intend to move to dismiss both of Plaintiffs' claims on the following anticipated bases:

**A.  Plaintiffs' First Count alleging violation of OCSLA should be dismissed.**

  **1.  Plaintiffs failed to provide statutorily required pre-suit notice.**

---

[1] Matthew Giacona is the Principal Deputy Director of the Bureau of Ocean Energy Management. He is automatically substituted for Walter Cruickshank under Rule 25(d) of the Federal Rules of Civil Procedure.

OCSLA authorizes citizen enforcement suits, but "*no action* may be commenced . . . prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to the Secretary [of the Interior] and any other appropriate official, to the State in which the violation allegedly occurred, and to any alleged violator." 43 U.S.C. § 1349(a)(2)(A) (emphasis added). "The language of section 1349(a) is unambiguous" and "the citizen suit provision . . . plainly bars *all cases* which do not comply with the provision." *Duke Energy Field Serv. Assets, LLC v. FERC*, 150 F. Supp. 2d 150, 154, 156 (D.D.C. 2001); *see also Fisheries Survival Fund v. Haaland*, 858 F. App'x 371, 374 (D.C. Cir. May 20, 2021) (barring OCSLA claim for lack of pre-suit notice).

Plaintiffs' OCSLA claim should be dismissed because Plaintiffs did not meet these notice requirements. Plaintiffs' Complaint was filed on June 3, 2025, nine days *before* they sent BOEM a notice of intent to sue. Because Plaintiffs filed suit less than sixty days after their notice of intent to sue, their OCSLA claim is barred. The notice also was not "in writing under oath," as required by OCSLA. 43 U.S.C. § 1349(a)(2)(A).

### 2. Plaintiffs' OCSLA claim challenges action outside the statute of limitations.

Plaintiffs' OCSLA claim also should be dismissed as time-barred. Claims "against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Plaintiffs' OCSLA claim is based on harms that occurred with issuance of the lease in 2017, and their claim accrued at that time. *See Corner Post, Inc. v. Bd. of Governors of Fed. Res. Sys.*, 603 U.S. 799, 800 (2024) (noting that cause of action accrues when plaintiff can file suit and obtain relief); *compare Fisheries Survival Fund*, 858 F. App'x at 374 (noting execution of lease between BOEM and Equinor in March 2017 but NEPA claims not ripe given future NEPA review that was to occur before approval of any construction and operation). The claim therefore is barred because it was not brought within six years of the challenged action.

### 3. Plaintiffs lack standing.

Plaintiffs also have not adequately alleged actual or imminent injury to themselves (or the organizational Plaintiffs' members) traceable to Federal Defendants' conduct that this Court can redress. "[A] plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992)). Plaintiffs must demonstrate standing for each claim against each defendant and for each form of relief. *See Murthy v. Missouri*, 603 U.S. 43, 61 (2024). Plaintiffs' First Amended Complaint does not demonstrate with particularity how Plaintiffs are harmed if the lease is held by a foreign entity. Plaintiffs also have not shown that they are within the zone-of-interests for OCSLA. *See Freeman v. Corzine*, 629 F.3d 146, 154 (3d Cir. 2010).

### 4. Plaintiffs fail to state a claim upon which relief can be granted.

Plaintiffs assert that Equinor's lease from BOEM violates OCSLA. They claim that (1) foreign governments or instrumentalities thereof cannot hold offshore leases, and (2) Equinor is an instrumentality of a foreign government. 1st Am. Compl. ¶¶ 41–68. According to Plaintiffs,

OCSLA's definition of "a person" who can hold a commercial lease does not include a foreign government or its instrumentality. *Id.* ¶ 45. Plaintiffs fail to state a claim upon which relief can be granted because OCSLA defines "person" as including private corporations. 43 U.S.C. § 1331. The relevant regulations also provide that "private, public, or municipal corporations organized under the laws of any State of the United States" can be leaseholders. 30 C.F.R. §§ 285.112, 585.107(a)(3), 585.108(d)(7). The lease at issue here is held by Empire Leaseholder L.L.C., *see* 1st Am. Compl. ¶ 35, which is a limited liability company under the laws of the state of Delaware. Thus, Empire Leaseholder L.L.C. is a "person" who may hold a commercial lease under OCSLA. As such, Plaintiffs have failed to state a claim under OCSLA and that claim should be dismissed.

**B.      Plaintiffs' Second Count under the APA should be dismissed.**

Plaintiffs allege that BOEM's May 2025 Amended Order allowing Project activities to proceed violated the APA because it does not adequately explain BOEM's decision to modify the Stop Work Order requiring that the Project's offshore construction be paused. 1st Am. Compl. ¶ 7. Plaintiffs have failed to state a valid APA claim because they allege only a violation of the APA itself, rather than of an underlying statute. The APA provides a cause of action where a person has suffered a "legal wrong because of agency action, or [has been] adversely affected or aggrieved by agency action *within the meaning of a relevant statute*." 5 U.S.C. § 702 (emphasis added). A claim that fails to identify "a relevant statute" under which APA review can proceed cannot state a claim under the APA. *See Or. Nat. Res. Council v. Thomas*, 92 F.3d 792, 798 (9th Cir. 1996) (quoting *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)); *Sheehan v. Anderson*, No. 98-5516, 2000 WL 288116, at *4 (E.D. Pa. Mar. 17, 2000), *aff'd,* 263 F.3d 159 (3d Cir. 2001) ("Sheehan's claim also fails because there can be no 'arbitrary and capricious' review under the APA independent of another statute."). This is because absent a statute with substantive standards, there is no "law to apply" and "no meaningful standard against which to judge the agency's exercise of discretion." *Or. Nat. Res. Council*, 92 F.3d at 798.

Plaintiffs have not identified any statute or regulation that BOEM failed to comply with in allowing construction to proceed. Because Plaintiffs have not identified a law for the Court to apply to determine whether BOEM's action was arbitrary or capricious, Plaintiffs' "freestanding" APA claim fails.

In addition, the APA precludes judicial review of federal agency action when it is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "[I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" *Int'l Bhd. of Teamsters v. DOT*, 861 F.3d 944, 955 (9th Cir. 2017) (quoting *Heckler v. Cheney*, 470 U.S. 821, 830 (1985)). Plaintiffs are effectively asking the Court to step into BOEM's shoes and decide whether construction can proceed, but such enforcement decisions are committed to the agency's discretion and are "presumptively unreviewable." *Lincoln*, 508 U.S. at 191 (citing *Heckler*). No statute or regulation provides standards by which the Court could judge BOEM's decision to allow activities to go forward during its review. As such, the choice is committed to the agency's discretion and review is not available under the APA.

Respectfully submitted this 8th day of September, 2025,

                                                  ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*/s Devon Lehman McCune*
DEVON LEHMAN McCUNE
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., N. Terrace, Suite 600
Denver, CO 80202
Tel: 303-358-8981
Email: devon.mccune@usdoj.gov