**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PROTECT OUR COAST NJ, *et al.*,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Docket No: 25-cv-6890-GC-TJB** |
| v. ) | |
| ) | **MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| **THE UNITED STATES OF AMERICA, *et al.*** ) | |
| ) | |
| Defendants, ) | |
| ________________________________ ) | |

# TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

A. Wind Energy Development ........ 2

B. Factual Background ........ 2

III. STANDARD OF REVIEW ........ 5

A. Motion to Dismiss Under Rule 12(b)(1) ........ 5

B. Motion to Dismiss Under Rule 12(b)(6) ........ 5

IV. ARGUMENT ........ 6

A. Plaintiffs' First Count alleging violation of OCSLA should be dismissed ........ 6

1. Plaintiffs failed to provide statutorily required pre-suit notice ........ 6

2. Plaintiffs' OCSLA claim challenges action outside the statute of limitations ........ 9

3. Plaintiffs' First Count fails to state a claim upon which relief can be granted ........ 10

B. Plaintiffs' Second Count under the APA should be dismissed ........ 11

V. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Cases**

*Abdulla v. Att'y Gen. of United States*,
153 F.4th 342 (3d Cir. 2025)....................13

*Allco Renewable Energy Ltd. v. Haaland*,
No. 21-cv-11171, 2022 WL 2373914 (D. Mass. June 30, 2022)....................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5

*Baker v. Carr*,
369 U.S. 186 (1962)....................5

*Basel Action Network v. Mar. Admin.*,
370 F. Supp. 2d 57 (D.D.C. 2005)....................8, 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 6

*Bennett v. Spear*,
520 U.S. 154 (1997)....................12

*Chevron, U.S.A., Inc. v. FERC*,
193 F. Supp. 2d 54 (D.D.C. 2002)....................9

*Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*,
603 U.S. 799 (2024)....................9

*Courts v. United States*,
No. 15-7303 (MLC), 2016 WL 4521687 (D.N.J. Aug. 29, 2016)....................5

*Ctr. for Biological Diversity v. Burgum*,
No. 2-25-CV-02840-MWC-MAA, 2025 WL 2986120 (C.D. Cal. Sept. 10, 2025)....................8

*Duke Energy Field Serv. Assets, LLC v. FERC*,
150 F. Supp. 2d 150 (D.D.C. 2001)....................7, 8

*Fisheries Survival Fund v. Bernhardt*,
No. 16-cv-2409 (TSC), 2020 WL 759099 (D.D.C. Feb. 14, 2020)....................10

*Fisheries Survival Fund v. Haaland*,
858 F. App'x 371 (D.C. Cir. 2021)....................7, 10

*Fisheries Survival Fund v. Jewell*,
No. 16-CV-2409 (TSC), 2018 WL 4705795 (D.D.C. Sept. 30, 2018)....................7, 9

*Garcia v. Cecos Int'l, Inc.*,
761 F.2d 76 (1st Cir. 1985)....................7

*Green Oceans v. U.S. Dep't of the Interior*,
No. 1:24-CV-141-RCL, 2025 WL 973540 (D.D.C. Apr. 1, 2025)....7, 8, 13

*Heckler v. Chaney*,
470 U.S. 821 (1985)....13

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993)....5

*Lincoln v. Vigil*,
508 U.S. 182 (1993)....12, 13

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977)....5

*Or. Nat. Res. Council v. Thomas*,
92 F.3d 792 (9th Cir. 1996)....12

*Save Long Beach Island, Inc. v. U.S. Dep't of Com.*,
No. 1:25-CV-02214 (CJN), 2026 WL 2150375 (D.D.C. July 27, 2026)....passim

*Sheehan v. Anderson*,
No. 98-5516, 2000 WL 288116 (E.D. Pa. Mar. 17, 2000)....12

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)....5

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*,
839 F.3d 242 (3d Cir. 2016)....5

*Zanetich v. Wal-Mart Stores East, Inc.*,
123 F.4th 128 (3d Cir. 2024)....13

**Statutes**

28 U.S.C. § 2401(a)....1, 9

43 U.S.C. § 1331....11

43 U.S.C. § 1337(p)(1)(C)....2

43 U.S.C. § 1337(p)(8)....2

43 U.S.C. § 1349(a)....7

43 U.S.C. § 1349(a)(2)(A)....7

43 U.S.C. § 1349(a)(3)....9

43 U.S.C. §§ 1331–1356c....1

5 U.S.C. § 701(a)(2)....13

5 U.S.C. § 702....12

5 U.S.C. § 704....12

**Rules**

Fed. R. Civ. P. 12(b)(1) ....... 5

Fed. R. Civ. P. 12(b)(6) ....... 5

Fed. R. Civ. P. 12(h)(3) ....... 5

**Regulations**

30 C.F.R. § 285.112 ....... 11

30 C.F.R. § 585.107 ....... 11

30 C.F.R. § 585.107(a)(3) ....... 11

30 C.F.R. § 585.108 ....... 11

30 C.F.R. § 585.108(d)(7) ....... 11

30 C.F.R. § 585.200(a)(1) ....... 2

30 C.F.R. § 585.210 ....... 2

30 C.F.R. § 585.211 ....... 2

30 C.F.R. § 585.215 ....... 2

30 C.F.R. § 585.216 ....... 2

30 C.F.R. § 585.600 ....... 2

30 C.F.R. §§ 585.605-585.613 ....... 2

30 C.F.R. §§ 585.620-585.628 ....... 2

30 C.F.R. Part 585 ....... 2

**Other Authorities**

74 Fed. Reg. 19,638 (Apr. 29, 2009) ....... 2

## I. INTRODUCTION

In April 2025, Federal Defendants issued an order to Empire Offshore Wind LLC to stop work on the Empire Wind offshore wind turbine projects. The stop work order informed Empire Wind that the Bureau of Ocean Energy Management (BOEM) intended to review the project to ensure that all activities authorized under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. §§ 1331–1356c, and its regulations are carried out in a manner that provides for the protection of the environment and other requirements. In May 2025, Federal Defendants issued an order amending the stop work order to allow construction to continue on the project while BOEM conducts its review. Plaintiffs challenge this May 2025 amended order as contrary to the Administrative Procedure Act (APA), and also challenge BOEM's 2017 execution of the lease for Empire Wind.

Plaintiffs' First Amended Complaint, Dkt. No. 33, must be dismissed. We begin with the Plaintiff's challenge to the lease. Plaintiffs have alleged a violation of OCSLA, but did not provide the statutorily mandated sixty-day notice, which applies whether Plaintiffs assert their lease claim under OCSLA or the APA. The Court therefore lacks jurisdiction over the claim challenging the lease. In addition, Plaintiffs' challenge to the lease accrued with lease execution in 2017, and the claim is time-barred under the six-year limitations period in 28 U.S.C. § 2401(a). The lease challenge therefore fails to state a claim upon which relief can be granted.

Plaintiffs' challenge to BOEM's May 2025 amended order also fails to state a claim. The First Amended Complaint does not allege that BOEM acted contrary to any statute or regulation. APA review is not available for any alleged OCSLA violation given the availability for review under OCSLA's citizen suit provision and enforcement decision-making is entirely left to

BOEM's discretion. Federal Defendants therefore respectfully request that the Court grant this motion and dismiss the First Amended Complaint in its entirety.

## II. BACKGROUND

### A. Wind Energy Development

Offshore wind development in federal waters is governed by OCSLA. Congress amended OCSLA in 2005 to authorize the Secretary of the Interior to issue leases to "support production, transportation, storage, or transmission of energy from sources other than oil and gas," which includes wind energy. Energy Policy Act of 2005, 43 U.S.C. § 1337(p)(1)(C). BOEM regulations govern offshore renewable energy development. 43 U.S.C. § 1337(p)(8); 74 Fed. Reg. 19,638 (Apr. 29, 2009); 30 C.F.R. Part 585. After identifying "wind energy areas" for leasing, 30 C.F.R. §§ 585.210, 585.211, BOEM may offer the identified areas or portions of those areas for lease sale via auction. 30 C.F.R. §§ 585.215, 585.216. Development of a lease, however, can only occur if BOEM approves a site assessment plan and, later, a Construction and Operations Plan (COP). 30 C.F.R. §§ 585.200(a)(1), 585.600, 585.605–585.613 (site assessment plan requirements), 585.620–585.628 (COP requirements).

### B. Factual Background

The Empire Wind project involves the construction of a utility-scale offshore wind farm to be located on the Outer Continental Shelf off the coast of New York and New Jersey. *Save Long Beach Island, Inc. v. U.S. Dep't of Com.*, No. 1:25-CV-02214 (CJN), 2026 WL 2150375, at *1 (D.D.C. July 27, 2026). BOEM issued a lease to Empire Wind's parent company, Statoil Wind, later renamed Equinor Wind US LLC, in 2017. Ex. A (Amendment and Restatement of Renewable Energy Leave OCS-A 0512). Equinor Wind assigned the Lease to Empire Offshore Wind LLC on January 27, 2021, *id.*, and Empire Offshore Wind LLC later assigned the Lease to Empire Leaseholder LLC on December 20, 2024. *See id.* "[C]onstruction of the onshore portion

of the Empire Wind Project began in April 2024." *Save Long Beach Island*, 2026 WL 2150375, at *4.

In January 2025, the President issued a memorandum that, *inter alia*, directed the heads of relevant agencies, including the Secretary of the Interior, to conduct "a comprehensive assessment and review of Federal wind leasing and permitting practices."[2] Dkt. No. 4. Incidental to its review on the Empire Wind lease, on April 16, 2025, BOEM issued a "Director's Order to Empire Offshore Wind LLC to halt all ongoing activities related to the Empire Wind Project on the outer continental shelf to allow" BOEM to address feedback received about the environmental analyses for the Project. Dkt. No. 5 at 2 (the "stop work order"). The Director's Order stated that Empire Wind "may not resume activities until BOEM informs you that BOEM has completed its necessary review." *Id.*

On May 19, 2025, BOEM issued an Amendment to the Director's Order of April 16, 2025, that "lift[ed] the halt on activities during the ongoing review." Dkt. No. 5.

Plaintiffs filed a Complaint with this Court on June 3, 2025, and filed the First Amended Complaint on July 4, 2025. The First Amended Complaint raises two counts. The First Count asserts that Equinor's Lease from BOEM is illegal because "Equinor ASA is an instrumentality or agency of the Kingdom of Norway" and OCSLA does not permit foreign governments to acquire a lease on the outer continental shelf. 1st Am. Compl. ¶¶ 41–68. In relief for this claim, Plaintiffs seek judgment declaring that the lease "to Equinor and its affiliates is not authorized by

[2] On December 22, 2025, BOEM issued a Director's Order to Empire Leaseholder LLC under 30 C.F.R. § 585.417(b) to suspend all ongoing activities related to the project for ninety days for national security reasons. *See Empire Leaseholder LLC v. Burgum*, Case No. 1:26-cv-04 (D.D.C.), Dkt. No. 3-1. The U.S. District Court for the District of Columbia preliminarily enjoined the suspension order. *Id.*, Minute Order entered Jan. 15, 2026. Cross-motions for summary judgment have been fully briefed in that case.

OCSLA" and injunctive relief "vacating and extinguishing the" lease and all related permits and authorizations. *Id.* at 23.

The Second Count asserts that Federal Defendants violated the APA when BOEM amended the stop work order without asserting a "factual basis . . . for the reinstatement of the Empire Wind work orders" and without completing the investigation in the stop work order. *Id.* ¶ 79. Plaintiffs assert that the record of the approval of Empire Wind "supports the Presidential Memorandum's concern that the prior permits were the product of inadequate investigation and review." *Id.* ¶ 80. Plaintiffs seek a declaration that the May 19, 2025, Amendment to the stop work order violated the APA. *Id.* at 55. They ask the Court to vacate the May 2025 Amendment, reinstate the stop work order, and direct BOEM to implement and complete the investigation of the Empire Wind permit. *Id*.

On June 12, 2025, nine days after they filed their Complaint, Plaintiffs sent Federal Defendants a "Notice of Violations Pursuant to OSCLA [sic], 43 U.S.C. 1331, et seq." *See* Ex. B.

On September 8, 2025, Federal Defendants submitted a letter to the Court requesting a pre-motion conference regarding Federal Defendants' intent to file a motion to dismiss the claims in Plaintiff's First Amended Complaint. Dkt. No. 49. Empire Wind also filed a letter informing the Court of its intent to file a motion to dismiss. Dkt. No. 48. The case was referred to the magistrate judge to resolve issues regarding service of the complaints on Equinor ASA and the Kingdom of Norway. Dkt. No. 54. On August 10, 2026, the Court entered an order establishing a schedule for Defendants to file their motions to dismiss. Dkt. No. 63.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of claims where the court lacks jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Jurisdiction is a threshold issue that a court must resolve first. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Generally, the Court must accept the factual allegations in the complaint as true, but may consider materials outside of the pleadings when addressing a factual challenge to subject matter jurisdiction. *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 251 (3d Cir. 2016). Furthermore, "[t]he presumption of truth does not extend to" a factual attack on jurisdiction, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Courts v. United States*, No. 15-7303 (MLC), 2016 WL 4521687, at *3 (D.N.J. Aug. 29, 2016) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### B. Motion to Dismiss Under Rule 12(b)(6)

A motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court need not consider "legal conclusions"

contained within a complaint, and "a pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## IV. ARGUMENT

Plaintiffs' First Amended Complaint should be dismissed in its entirety. Plaintiffs' First Count should be dismissed because Plaintiffs failed to provide the statutorily required pre-suit notice for its claim that the lease violated OCSLA. In addition, Plaintiffs' First Count is barred by the statute of limitations because the lease was entered into in 2017, more than six years before Plaintiffs brought suit.

Plaintiffs' Second Count should also be dismissed. Plaintiffs assert that the May 2025 amended order violated the APA because Federal Defendants did not explain in the notice the reasons for allowing construction to proceed. But they do not cite any substantive statute that would require such explanation, and the APA does not provide a basis to review agency action outside the meaning of a relevant statute. In any event, APA review is not available because OCSLA provides an alternative means to challenge the May 2025 amended order (assuming Plaintiffs' theory is that the order violated OCSLA). Additionally, Plaintiffs' Second Count seeks to force BOEM to enforce the stop work order, which is an enforcement decision committed to agency discretion. As such, the APA does not provide a means for review.

### A. Plaintiffs' First Count alleging violation of OCSLA should be dismissed.

#### 1. Plaintiffs failed to provide statutorily required pre-suit notice.

The Court lacks jurisdiction over Plaintiffs' lease challenge. OCSLA authorizes citizen enforcement suits, but "*no action* may be commenced . . . prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to the Secretary [of the Interior] and any other appropriate Federal official, to the State in which the violation allegedly occurred or is occurring, and to any alleged violator." 43 U.S.C. § 1349(a)(2)(A) (emphasis added). "The

language of section 1349(a) is unambiguous" and "the citizen suit provision . . . plainly bars *all cases* which do not comply with the provision." *Duke Energy Field Serv. Assets, LLC v. FERC*, 150 F. Supp. 2d 150, 154, 156 (D.D.C. 2001); *see also Fisheries Survival Fund v. Haaland*, 858 F. App'x 371, 374 (D.C. Cir. 2021) (barring OCSLA claim for lack of pre-suit notice).

Plaintiffs' First Count alleges a violation of OCSLA, 1st Am. Compl. ¶¶ 41–68, and must be dismissed because Plaintiffs did not meet these pre-suit notice requirements. Plaintiffs sent a Notice of Violations Pursuant to OCSLA on June 12, 2025, nine days *after* they filed their Complaint in this Court. *See* Ex. B (notice of alleged OCSLA violations); Dkt. No. 1. Regardless of its time, the notice did not meet OCSLA's requirements. The notice was not "in writing under oath." *See* Ex. B. It is not notarized and Plaintiffs did not aver the information under penalty of perjury. *See id.*; *Duke Energy*, 150 F. Supp. 2d at 154. The Court therefore lacks jurisdiction over Count I and should dismiss the claim for this reason alone. *See Duke Energy*, 150 F. Supp. 2d at 155.

More directly, however, the notice was not delivered more than sixty days before June 3, 2025, the date Plaintiffs' original Complaint was filed. The sixty-day notice period is mandatory. *See* § 1349(a) ("no action may be commenced"); *Green Oceans v. U.S. Dep't of the Interior*, No. 1:24-CV-141-RCL, 2025 WL 973540, at *13 (D.D.C. Apr. 1, 2025) ("An inadequate notice requires dismissal."); *Fisheries Survival Fund v. Jewell*, No. 16-CV-2409 (TSC), 2018 WL 4705795, at *10 (D.D.C. Sept. 30, 2018), *aff'd sub nom. Fisheries Survival Fund v. Haaland*, 858 F. App'x 371 (D.C. Cir. 2021) (holding that 60-day notice provision is mandatory). Plaintiffs' notice filed while this case was pending therefore cannot cure the initial failure to comply. *See Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 79 (1st Cir. 1985) (holding that law supports "strict application of the notice requirement"). Nor can amendment of the complaint after the

notice was filed save Plaintiffs' claim. *See Allco Renewable Energy Ltd. v. Haaland*, No. 21-cv-11171, 2022 WL 2373914, at *2 (D. Mass. June 30, 2022) (holding that amendment of complaint could not cure lack of notice under § 1349(a)).

Plaintiffs also cannot avoid OCSLA's pre-suit notice requirement by pleading claims under the APA. The OCSLA provision "plainly bars *all cases* which do not comply with" the notice provision. *Duke Energy*, 150 F. Supp. 2d at 156; *see also Save Long Beach Island*, 2026 WL 2150375, at *4 (holding that plaintiffs cannot avoid OCSLA's statutory notice requirement by asserting that their claims arise under the APA); *Ctr. for Biological Diversity v. Burgum*, No. 2-25-CV-02840-MWC-MAA, 2025 WL 2986120, at *5 (C.D. Cal. Sept. 10, 2025) ("Beginning with the question as to whether the APA provides an avenue for relief separate from OCSLA, making the 60-day notice requirement inapplicable, the Court finds that OCSLA controls."); *Green Oceans*, 2025 WL 973540, at *13. "Where plaintiffs may otherwise proceed under the citizen suit provision, they should not be allowed to bypass the explicit requirements of the Act established by Congress through resort to . . . the APA." *Green Oceans*, 2025 WL 973540, at *13 (quoting *Basel Action Network v. Mar. Admin.*, 370 F. Supp. 2d 57, 76 (D.D.C. 2005) (discussing similar sixty-day notice requirement in Toxic Substances Control Act)). Thus, the APA does not provide a means to cure Plaintiffs' failure to comply with section 1349(a).

In addition, any effort by Plaintiffs to invoke an exception to the sixty-day notice requirement must be dismissed. "OCSLA provides that '[a]n action may be brought under this [Act] *immediately after* notification of the alleged violation in any case in which the alleged violation constitutes an imminent threat to the public health or safety or would immediately affect a legal interest of the plaintiff.'" *Save Long Beach Island*, 2026 WL 2150375, at *5 (quoting 43 U.S.C. § 1349(a)(3)) (emphasis added). For this exception to apply, Plaintiffs must

provide adequate notice *prior* to filing suit. *Id.* (citing *Chevron, U.S.A., Inc. v. FERC*, 193 F. Supp. 2d 54, 64 (D.D.C. 2002), *aff'd sub nom.*, *Williams Cos. v. FERC*, 345 F.3d 910 (D.C. Cir. 2003); *see also Fisheries Survival Fund v. Jewell*, No. 16-cv-2409, 2018 WL 4705795, at *11 (D.D.C. Sept. 30, 2018) (observing that "[t]o be eligible for that exception, a plaintiff must ... provide notice of the alleged violation"), *aff'd*, 858 F. App'x 371 (D.C. Cir. 2021)). As the *Save Long Beach Island* court explained, "the exception allows [a plaintiff] to bypass the 60-day wait, not the obligation to provide any notice." 2026 WL 2150375, at *5. Because Plaintiffs failed to provide notice before they filed suit, they cannot invoke the exception and their claim should be dismissed.

**2. Plaintiffs' OCSLA claim challenges action outside the statute of limitations.**

Plaintiffs' First Count also should be dismissed for failure to state a claim because it is time-barred. Claims "against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "A claim accrues when the plaintiff has the right to assert it in court— and in the case of the APA, that is when the plaintiff is injured by final agency action." *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799, 800 (2024).

Here, Plaintiffs' claim first accrued more than six years before they filed their Complaint because their alleged injury stems from agency action that occurred with issuance of the lease in 2017. *See id.* at 800 (noting that cause of action accrues when plaintiff can file suit and obtain relief). Plaintiffs' allegations challenge whether Equinor could legally enter into a lease under OCSLA. Nothing in the First Count challenges any agency action after entering into the lease. The count also seeks to have the lease declared void and vacated. 1st Am. Compl. at 23. To the

extent Plaintiffs are injured by Equinor entering into the lease, that injury accrued in 2017. As such, this claim is barred by the statute of limitations.

Plaintiffs may argue that *Fisheries Survival Fund* compels a different result, but that case is not analogous. *See* 858 Fed. App'x at 372. In that case, plaintiffs challenged the same lease, bringing claims under the National Environmental Policy Act and OCSLA. 858 Fed. App'x at 372. The court dismissed the NEPA claims for being unripe and the OCSLA claims for not complying with the pre-suit notice provision. *Id.* With regard to the NEPA claims, the plaintiffs argued that BOEM failed to consider the environmental impacts from construction and operation of a wind energy project before issuing the lease. The court held that the lease did not authorize any activity within the leased area and the agency retained authority to preclude construction. *Fisheries Survival Fund v. Bernhardt*, No. 16-cv-2409 (TSC), 2020 WL 759099, *3 (D.D.C. Feb. 14, 2020). Thus, the agency did not yet have any obligations to conduct environmental review of the construction and operation of the wind energy project at the lease stage and the claims were unripe. 858 F. App'x at 372. Here, in contrast, Plaintiffs' asserted injury is from BOEM entering into the lease with an entity allegedly not authorized to acquire a lease. Am. Compl. ¶¶ 41–68. That claim became ripe when the lease was entered into, more than six years before Plaintiffs filed this suit.

**3. Plaintiffs' First Count fails to state a claim upon which relief can be granted.**

Even setting aside the jurisprudential issues, Plaintiffs' lease claim fails to state a claim because it misreads OCSLA. Plaintiffs assert that Equinor's lease from BOEM violates OCSLA. 1st Am. Compl. ¶¶ 41–68. According to Plaintiffs, OCSLA's definition of "a person" who can hold a commercial lease does not include a foreign government or its instrumentality. *Id.* ¶ 45.

They assert that Equinor ASA is an instrumentality or agency of Norway and thus cannot hold a lease.

Plaintiffs fail to state a claim upon which relief can be granted because OCSLA defines "person" as including private corporations. 43 U.S.C. § 1331. The relevant regulations also provide that "private, public, or municipal corporations organized under the laws of any State of the United States" can be leaseholders. 30 C.F.R. §§ 285.112, 585.107(a)(3) , 585.108(d)(7) . The regulations specify the qualifications for what types of entities may hold a lease, 30 C.F.R. § 585.107, and the documentation needed to prove qualification to be a lessee, 30 C.F.R. § 585.108. This includes submitting evidence acceptable to BOEM that a corporation "is qualified to hold leases" and "is authorized to conduct business under the laws of its State." *Id.* Thus, in order for Empire Leaseholder to hold a lease, BOEM would have reviewed and approved the documents submitted under 30 C.F.R. § 585.108.

The lease at issue here is held by Empire Leaseholder L.L.C., *see* 1st Am. Compl. ¶ 35, which is a limited liability company under the laws of the state of Delaware. *See* Dkt. No. 64-3; Case No. 26-04 (D.D.C.), Dkt. No. 1 ("Plaintiff Empire Leaseholder LLC is a Delaware limited liability company with its principal place of business in Stamford, Connecticut."). As a private corporation organized under the laws of Delaware, Empire Leaseholder L.L.C. is a "person" who may hold a commercial lease under OCSLA. As such, Plaintiffs have failed to state a claim under OCSLA and Plaintiffs' lease claim should be dismissed.

**B. Plaintiffs' Second Count under the APA should be dismissed.**

Plaintiffs' challenge to the May 2025 amended order should likewise be dismissed. Plaintiffs' Second Count alleges that BOEM's May 2025 amended order allowing Project activities to proceed violated the APA because it does not adequately explain BOEM's decision to modify the Stop Work Order. 1st Am. Compl. ¶ 7. This count, as pled, fails to state a claim

because Plaintiffs do not identify any statute or regulation that provides a basis for the Court's review. That is so for three reasons.

First, the APA provides a cause of action where a person has suffered a "legal wrong because of agency action, or [has been] adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. A claim that fails to identify "a relevant statute" under which APA review can proceed cannot state a claim under the APA. *See Or. Nat. Res. Council v. Thomas*, 92 F.3d 792, 798 (9th Cir. 1996) (quoting *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)); *Sheehan v. Anderson*, No. 98-5516, 2000 WL 288116, at *4 (E.D. Pa. Mar. 17, 2000), *aff'd,* 263 F.3d 159 (3d Cir. 2001) ("Sheehan's claim also fails because there can be no 'arbitrary and capricious' review under the APA independent of another statute." (citing *Or. Nat. Res. Council,* 92 F.3d at 797–98 n.10, n.11)). This is because, absent a statute with substantive standards, there is no "law to apply" and "no meaningful standard against which to judge the agency's exercise of discretion." *Or. Nat. Res. Council*, 92 F.3d at 798.

Plaintiffs have not identified any statute or regulation that BOEM failed to comply with in issuing the May 2025 amendment allowing construction to proceed. Because Plaintiffs have not identified any law for the Court to apply to determine whether BOEM's action was arbitrary or capricious, Plaintiffs' "freestanding" APA claim fails as a matter of law.

Second, to the extent Plaintiffs believe that the May 2025 amended order violated OCSLA, Plaintiffs' claim should also be dismissed because "the APA by its terms independently authorizes review only when there is no other adequate remedy in a court." *Save Long Beach Island*, 2026 WL 2150375, at *3 (quoting *Bennett v. Spear*, 520 U.S. 154, 161–62 (1997) (internal citation omitted)); 5 U.S.C. § 704. Where a plaintiff is alleging an OCLSA violation,

"OCSLA created an alternative remedy that forecloses APA review." *Id.* at *4; *see also Green Oceans*, 2025 WL 973540, at *13; *Basel Action Network*, 370 F. Supp. 2d at 77.

To the extent Plaintiffs argue that OCSLA is the relevant statute, their claim fails because they failed to provide the required sixty-day notice, as discussed *infra*. *See, e.g.*, *Save Long Beach Island,* 2026 WL 2150375, at *4. If Plaintiffs could avoid the sixty-day notice requirement in OCSLA by styling their claim under the APA, it would defeat the congressional intent of the statutory notice requirement. *Id.* Because OCSLA's citizens suit provision provides an alternative remedy for any alleged violation of that statute, the APA does not authorize review and Plaintiffs' APA claim should be dismissed.

Finally, the APA precludes judicial review of federal agency action when it is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "Agency action is deemed 'committed to agency discretion by law,' where a law 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Abdulla v. Att'y Gen. of United States*, 153 F.4th 342, 346–47 (3d Cir. 2025), *cert. denied sub nom. Abdulla v. Bondi*, 146 S. Ct. 1790, 224 L. Ed. 2d 175 (2026) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (internal citations omitted)).

Plaintiffs are effectively asking the Court to step into BOEM's shoes as an enforcement authority and decide whether construction can proceed, but such enforcement decisions are committed to the agency's discretion and are "presumptively unreviewable." *Lincoln*, 508 U.S. at 191 (citing *Heckler*, 470 U.S. at 831); *see also Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 143 (3d Cir. 2024) ("Enforcement decisions are discretionary . . . ." (citing *Heckler*, 470 U.S. at 838). No statute or regulation provides standards by which the Court could judge

BOEM's decision to allow activities to go forward during its review. As such, the choice is committed to the agency's discretion and review is not available under the APA.

## V. CONCLUSION

Plaintiffs' First Count should be dismissed because Plaintiffs failed to provide the requisite pre-suit notice required for OCSLA claims, whether brought under OCSLA or the APA. In addition, this count challenges agency action that occurred more than six years before Plaintiffs brought their suit and thus is barred by the statute of limitations. And Plaintiffs fail to state a claim upon which relief can be granted because the leaseholder is a private corporation entitled to enter into a lease under OCSLA. Plaintiffs' Second Count should be dismissed because the APA does not provide for review here, where Plaintiffs cite no substantive statute that sets standards, OCSLA provides an alternative remedy, and the action is committed to agency discretion.

For the foregoing reasons, Federal Defendants respectfully request that this Court dismiss Plaintiffs' First Amended Complaint in its entirety.

Dated: September 3, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division

*s/ Devon Lehman McCune*
DEVON LEHMAN MCCUNE
Senior Attorney
United States Department of Justice
Energy & Natural Resources Division
Natural Resources Section
999 18th St., N. Terrace, Suite 600
Denver, CO 80202
Tel: (303) 358-8981
Devon.mccune@usdoj.gov

*Attorney for the Federal Defendants*