# Exhibit B

Bruce I. Afran
Attorney-at-Law
10 Braeburn Drive
Princeton, NJ 08540
(609) 454-7435
bruceafran@aol.com

June 12, 2025

**Via email to:** gina.best@boem.gov
**Via email to:** BOEMPublicAffairs@boem.gov
**Via UPS Overnight Delivery to:**
Hon. Doug Burgum, Secretary
U.S. Department of the Interior
1849 C Street NW, MS-4106
Washington, D.C. 20240

Walter Cruickshank, Acting Director
Bureau of Energy Management
1849 C Street NW
Washington, D.C. 20240

**Re: Protect Our Coast NJ v. United States of America,**
**Docket No. 25-cv-6890 (D.N.J. 2025)**
**Notice of Violations Pursuant to OSCLA, 43 U.S.C. 1331, et seq.**

Dear Secretary Burgum and Acting Director Cruickshank:

The Outer Continental Shelf Lands Act ("OCSLA") requires that the Secretary of the Department of the Interior and other appropriate federal officials be given sixty (60) days' notice of alleged violations of OCSLA prior to the institution of a citizen's suit thereunder. 33 U.S.C. § 1349. This provision does not apply in instances where, as is the case here, there is "an imminent threat to the public health or safety, or would immediately affect a legal interest of the plaintiff." 43 U.S.C. § 1349(a)(3). Out of an abundance of caution, I nevertheless provide such notification on behalf of the Plaintiffs in the above-referenced litigation.

**BACKGROUND**

In 2009, the U.S. Department of the Interior ("DOI") announced final regulations for the Outer Continental Shelf ("OCS") Renewable Energy Program, which was authorized by the Energy Policy Act of 2005. The Energy Policy Act provisions implemented by the Bureau of Energy Management ("BOEM") provide a framework for issuing renewable energy leases, easements,

and rights-of-way for OCS activities. BOEM's renewable energy program occurs in four distinct phases: (1) regional planning and analysis, (2) lease issuance, (3) site assessment, and (4) construction and operations.

In December of 2016, BOEM held the lease sale for an area offshore New York, or the "New York Lease Area," pursuant to 30 C.F.R. 585.211. Statoil Wind US, LLC (subsequently renamed to Equinor Wind US, LLC in 2018) was awarded Lease Area OCS-A 0512 in 2017. Equinor Wind US, LLC submitted a Site Assessment Plan ("SAP") for Lease Area OCS-A 0512 to BOEM in June 2018, with revisions filed in July, August, and October 2018. BOEM approved the SAP in November of 2018. Empire Wind submitted its Construction and Operations Plan ("COP") on January 10, 2020. Empire Wind submitted a series of updates to the COP through July 21, 2023. BOEM finally approved the COP in February of 2024.

**BOEM'S STATUTORY AUTHORITY AND LIMITATIONS**

Under OCSLA, BOEM, as an agency of the DOI, has the authority to enter commercial leases for submerged land on the Outer Continental Shelf, with "any person". 30 CFR 285.112. The term person is defined to include "in addition to a natural person, an association, a State, a political subdivision of a State, or a private, public, or municipal corporation." 43 U.S.C. § 1331(d); 30 CFR 285.112. However, the term "person" does not include a foreign government or its instrumentality.

**VIOLATION OF OCSLA**

DOI and BOEM lacked the authority to enter into a commercial lease for the New York Lease Area with Equinor ASA and/or its affiliates because Equinor ASA is an instrumentality or agency of the Kingdom of Norway ("Norway") and is under Norway's control and dominance and functions as a part of the government of Norway. All Equinor affiliates who have interests in the lease are wholly owned by Equinor ASA and are equally instrumentalities of the government of Norway. Accordingly, the lease to Equinor ASA and its affiliates for Lease Area OCS-A-0512 constitutes a continuing violation of OCSLA, is unlawful and must be vacated.

As it is apparent that Equinor did not disclose to BOEM or to the Secretary its actual state of dominance by Norway and its obligation to Norway to act as its instrumentality, it would appear that Equinor's lease rights were obtained by misrepresentation, fraud or omission of material facts providing independent ground for the Secretary to suspend and, ultimately, void the Equinox lease under OCSLA.

As you are aware, on June 3, 2025, the Plaintiffs filed a Complaint citing this violation of OCSLA and also claiming relief under the Administrative Procedures Act, 5 U.S.C. 701 et seq., for the arbitrary and capricious removal by BOEM of its own Stop Work Order. We reserve the right, however, to amend our complaint to include any other violations of law.

Thank you for your attention to this letter. If you have any questions or wish to discuss this matter with us, please contact the undersigned.

Very truly yours,

Bruce I. Afran, Esq.